## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Shawn Lewis                                  :
6415 Silver Leaf Ave.                        :
Reynoldsburg, Ohio 43068                     :
                                             :
                         Plaintiff,          :       Case No.  2:17-cv-74
        v.                                   :
                                             :       Judge
De Capua Enterprises, Inc dba Dawson         :
1114 Dublin Rd.                              :
Columbus, Ohio 43215                         :       **COMPLAINT**
                                             :
        and                                  :       **JURY DEMAND ENDORSED HEREON**
                                             :
Lululemon USA Inc.                           :
2200 Spiegel Dr.                             :
Groveport, Ohio 43125                        :
                                             :
                         Defendants.         :

## COMPLAINT

Now comes Plaintiff Shawn Lewis ("Mr. Lewis") and proffers this Complaint for damages against Defendants De Capua Enterprises, Inc dba Dawson ("Defendant Dawson" or "Dawson"), and Lululemon USA Inc. ("Defendant Lululemon" or "Lululemon") (collectively referred to as "Defendants").

## JURISDICTION AND VENUE

1.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., as amended ("Title VII") and Ohio's Laws against Discrimination set forth in R.C. Chapter 4112 ("Chapter 4112").

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Mr. Lewis's claims arising under the law of the United States and over actions to secure equitable and other relief.

1

3.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

4.      Venue is proper in this forum pursuant to 29 U.S.C. §626(b) and 28 U.S.C. §1391, because Mr. Lewis entered into an employment relationship with Defendants in the Southern District of Ohio, Mr. Lewis performed his job duties there, and the injuries that give rise to the claims in this case occurred there.

## THE PARTIES

5.      Plaintiff is a United States citizen and a resident of Franklin County, Ohio.

6.      At all times relevant herein, Plaintiff was an "employee" as defined in Title VII, 42 U.S.C. § 2000e and Chapter 4112.

7.      Defendant Dawson is a for-profit business with its principal place of business in Franklin County, Ohio at all times relevant.

8.      Defendant Lululemon is a for-profit foreign corporation doing substantial business in the Southern District of Ohio.

9.      At all times relevant herein, Defendants were jointly Mr. Lewis's "employer" as defined in Title VII, 42 U.S.C. § 2000e and Chapter 4112.

## FACTS

10.     Mr. Lewis began his employment with Lululemon through Dawson, a temporary staffing agency, in August 2015 as a Warehouse Associate in Lululemon's

11.     Lululemon and Dawson were Mr. Lewis's joint employers during all times relevant.

2

12. Throughout the course of his employment with Defendants, Mr. Lewis was subjected to a sexualized culture and unwanted sexual comments on nearly a daily basis. The sexualized culture created by Steve Dorgan, Defendants' Receiving Admin, Sukom, Lead Supervisor in Defendants' Receiving Department, Andre Jackson ("Dre"), Defendants' Lead Assistant to Sukom, and Tyler, another Lead Supervisor in Defendants' Receiving Department, made Mr. Lewis very uncomfortable.

13. The sexual harassment that permeated Plaintiff's work environment included but was not limited to the following unwanted sexual comments or actions: (i) Steve commented "Shawn you're too aggressive to be my boyfriend but Jack can;" (ii) Dre regularly called Mr. Lewis and other employees "bitches;" (iii) Steve, Dre, and Tyler actively flaunted their sexuality; (iv) Dre told Mr. Lewis that he could have went to his house to get some; (v) Dre asked Mr. Lewis how much he would charge him to rub his body and muscles after Mr. Lewis returned to clock in from the onsite gym; (vi) Dre invited Mr. Lewis and other male employees in Lululemon's receiving department to sit on his lap; (vii) Dre spoke about the size of his penis; and (viii) Steve asked a new Dawson employee if he was ready to "shake his butt" later that day as part of the new employee dance initiation. The severe and pervasive sexual harassment occurred during daily department meetings and elsewhere. Mr. Lewis repeatedly told Dre he was not gay and he did not appreciate his unwanted sexual comments.

14. In addition to the preceding unwanted comments and actions, sexually suggestive photos of male leadership employees circulated Defendants' Receiving Department.

15. On January 4, 2016, Mr. Lewis submitted a written complaint to Clay, Dawson's Site Manager, that included numerous examples of the sexualized culture created by Steve, Dre,

3

and Sukom. Clay made a copy of the complaint and gave it to Travis, Lululemon's HR representative.

16.     Later that day, Mr. Lewis was called into a meeting with Travis and Clay. During the meeting Travis asked Mr. Lewis questions about his complaint and expressed doubt as to whether the conduct complained of was sexual harassment because it was conduct by other males. In response, Mr. Lewis told him he believed that the unwanted sexual comments were sexual harassment and the named male employees were sexually harassing him and other employees. At the conclusion of the meeting, Travis promised Mr. Lewis Defendants would conduct a full investigation.

17.     On January 5, 2016, Dre made a comment at the morning team meeting about the dress code for the upcoming Lululemon holiday party. He said that women should not wear such tight clothing that others could "see their camel toe" and men should not wear tight pants like the ones he was wearing unless they want people to "see their balls."

18.     Later that afternoon, Brian, a manager, approached Mr. Lewis and asked if he had spoken with Clay. Mr. Lewis responded that he did not have a conversation with Clay. Brian proceeded to tell Mr. Lewis his employment was being terminated effectively immediately because his services were no longer necessary.

19.     The day after Plaintiff submitted a written complaint regarding sexual harassment by his supervisors, he was terminated.

20.     Mr. Lewis was retaliated against in violation of Title VII and Chapter 4112 for engaging in a protected activity when he was terminated the day after he submitted his complaint about the hostile work environment and sexual harassment occurring in Defendants' workplace.

## <u>COUNT I</u>
**(Hostile Work Environment Sexual Harassment– Title VII)**

21. Plaintiff restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

22. This claim is brought pursuant to Title VII, for hostile work environment sexual harassment.

23. Plaintiff is a member of a class protected from discrimination on the basis of sex.

24. Plaintiff was subjected to unwelcomed harassment because of his sex by his supervisors. The unwelcomed verbal harassment was of a sexual nature.

25. The unwelcomed sexual harassment, which offended Plaintiff and interfered with his ability to perform his job duties, was sufficiently severe and/or pervasive to create a hostile work environment in violation of Title VII.

26. Defendants knew or should have known of the hostile work environment to which Plaintiff was exposed, but failed to take reasonable action to prevent and/or stop the offensive conduct. Instead, Defendants retaliated against Plaintiff and terminated him for his sexual harassment complaint.

27. As a direct and proximate result, Plaintiff suffered a loss of enjoyment of life, mental anguish and emotional distress, and is entitled to an award of compensatory damages.

28. Defendants committed the above-described discriminatory acts with malice and/or reckless indifference to Plaintiff's rights. Plaintiff is thus entitled to an award of punitive damages.

## **COUNT II**
### **(Retaliation – Title VII)**

29. Plaintiff restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

30.     Pursuant to 42 U.S.C. 2000e-3(a), it is unlawful for an employer to discriminate against an employee because they have opposed any practice made unlawful under 42 U.S.C. 2000e, *et seq.* or because they have made a charge under 42 U.S.C. 2000e, *et seq.*

31.     Plaintiff engaged in a protected activity when he opposed unwelcomed sexual harassment by Dre and others and the hostile work environment they created.

32.     Furthermore, Plaintiff engaged in protected activity when he submitted a written complaint delineating the sexual harassment on January 4, 2016.

33.     Defendants knew Plaintiff engaged in a protected activity. In particular, Plaintiff was called into a meeting about his complaint with a representative from Dawson and another representative from Lululemon. The meeting about Plaintiff's sexual harassment complaint occurred on the same day he submitted the written complaint.

34.     Once Plaintiff engaged in the aforementioned protected activity, Defendants purposefully retaliated against him by taking the following non-exhaustive list of actions: terminating his employment on January 5, 2016 and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

35.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

36.     Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

6

## COUNT III
### (Hostile Work Environment Sexual Harassment – R.C. 4112.99)

37.     Plaintiff restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

38.     Ohio Revised Code §4112.99 provides, "[w]hoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." This chapter, i.e. R.C. §4112, *et seq.*, includes prohibitions against employment discrimination in Ohio, including sexual harassment discrimination. This statute also provides for the granting of compensatory and punitive damages for its violations.

39.     At all times relevant, Plaintiff was subjected to numerous acts of sexual harassment described in detail in the above paragraphs.

40.     As a direct and proximate result of Defendants' actions and inactions enumerated above, Plaintiff has and will continue to lose certain fringe benefits, including but not limited to, lost wages and income, loss of benefits, had the acts and failures to act complained of herein never occurred, in a dollar amount as allowed by law and as will be fixed by the jury and be proven at trial.

41.     Defendants have willfully and/or intentionally and/or with callous and reckless indifference, violated Plaintiff's rights under Ohio law prohibiting sex discrimination and sexual harassment, so as to entitle him to an award of punitive damages in addition to compensatory or any other damages to be awarded, in an amount to be proven at trial.

## COUNT IV
### (Retaliation – R.C. 4112.02(I))

42.     Plaintiff restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

43.     Pursuant to R.C. 4112.02(I), an employer and/or person cannot discriminate against any employee because the employee has opposed an unlawful employment practice under Chapter 4112.

44.     Plaintiff engaged in a protected activity when he opposed sexual harassment and Defendants' hostile work environment. In addition, Plaintiff engaged in a protected activity when he submitted a sexual harassment complaint on January 4, 2016.

45.     Defendants knew Plaintiff engaged in a protected activity.

46.     Once Plaintiff engaged in the aforementioned protected activity, Defendants purposefully retaliated against him by taking the following non-exhaustive list of actions: terminating his employment on January 5, 2016 and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

47.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

48.     Defendants' conduct was willful, wanton, reckless and/or malicious for which it is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff demands back pay and benefits, front pay and benefits, and additional damages in an amount to be determined at trial, including compensatory damages, liquidated damages, punitive damages, emotional distress damages, pre-judgment interest, post-judgment interest, costs, attorneys' fees and any and all other relief the Court deems just and appropriate.

Respectfully submitted,

/s/ *Matthew J.P. Coffman*

Matthew J.P. Coffman (0085586)

8

(*mcoffman@mcoffmanlegal.com*)
**Coffman Legal, LLC**
1457 South High Street
Columbus, Ohio 43207
Phone: (614) 949-1181
Fax: (614) 386-9964

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ *Matthew J.P. Coffman*

Matthew J.P. Coffman (0085586)

9